UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

                    Plaintiff,

          v.

LUCY H. KOH, et al.,

                    Defendants.

Case No.  16-cv-00581-JD

**ORDER OF DISMISSAL**

Condalee Morris, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.       STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court will identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings are liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

United States District Court
Northern District of California

omitted).  A complaint must state "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.        LEGAL CLAIMS

Morris seeks monetary and declaratory relief because a District Judge in this Court denied his motions for default judgment in another case.  A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*).  If a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code.  *See id.*

Absolute immunity "is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions."  *Burton v. Infinity Capital Management*, 753 F.3d 954, 959 (9th Cir. 2014) (internal quotations and citations omitted). Courts "take a functional approach to whether a nonjudicial officer is entitled to absolute quasi-judicial immunity by looking to 'the nature of the function performed and not to the identity of the actor performing it.'"  *Id.* at 960 (quoting *Curry v. Castillo*, 297 F.3d 940, 948 (9th Cir. 2002)). "To qualify for absolute immunity, the function performed must be a judicial act with 'a sufficiently close nexus to the adjudicative process.'"  *Id.* (quoting *Castillo*, 297 F.3d at 948).  "[I]t

United States District Court
Northern District of California

United States District Court
Northern District of California

1    is only when the judgment of an official other than a judge involves the exercise of discretionary

2    judgment that judicial immunity may be extended to that nonjudicial officer." *Castillo*, 297 F.3d

3    at 949.  To be protected, the function must "involve the exercise of discretion in resolving

4    disputes." *Id*. at 948.

5            Morris alleges that Judge Lucy Koh denied several of his motions for default judgment in

6    another case, *Morris v. Sandoval*, Case No. 12-cv-6132-JD, that was previously assigned to Judge

7    Koh.[1]  He also alleges that the former Clerk of Court erred in sending out waivers of service of

8    summons' to defendants.  Morris says that defendants filed their answers late, and so default

9    judgment should have been entered and he should have received money damages.  Morris seeks

10   monetary damages of $14.4 billion against the City of San Jose, the defendant from the other case.

11           Morris is not entitled to relief because defendants are entitled to immunity for these acts

12   performed in their judicial capacities and functions.  Judge Koh is also immune from Morris'

13   challenges to her other rulings in the case.  Morris has also named as a defendant, a defense

14   attorney employed by the California State Attorney General's Office.  It is difficult to ascertain the

15   exact nature of the allegations against this defendant other than the attorney opposed Morris'

16   motions.  This fails to state a claim for relief.  Because no amount of amendment would cure the

17   deficiencies in this complaint which is frivolous and fails to state claim, it is dismissed with

18   prejudice.

19                                       **CONCLUSION**

20           This action is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

21           **IT IS SO ORDERED.**

22   Dated: April 29, 2016

23

24   _____

25   JAMES DONATO
     United States District Judge

26

27   _____

28   [1] This case continues as counsel was recently appointed for Morris and a second settlement
     conference is pending.

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

         Plaintiff,

     v.

LUCY H. KOH, et al.,

         Defendants.

Case No.  16-cv-00581-JD

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on April 29, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Condalee  Morris ID: V96203
CSP-Sacramento
P.O. Box 290060
Represa, CA 95671

Dated: April 29, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4